FILED
JAMES BONINI
CLERK

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION
## CASE NO. **1:05 CV 655**

05 OCT 11 AM 9:52

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST DIV. CINCINNATI

**JAMES WORTHINGTON, GARRETT GARDNER,
AND HEATHER PHILLIPS,** individually and on
behalf of all others similarly situated

J. DLOTT

J. HOGAN

PLAINTIFFS

v.                                    **CLASS ACTION COMPLAINT**


**BROWN COUNTY, OHIO**

> **Serve:**
> Kirby Cornett
> County Commissioner
> 800 Mt. Orab Pike
> Georgetown, OH 45121
>
> Perry Ogden
> County Commissioner
> 800 Mt. Orab Pike
> Georgetown, OH 45121
>
> Dale Reynolds
> County Commissioner
> 800 Mt. Orab Pike
> Georgetown, OH 45121

**SHERIFF DWAYNE WENNINGER,** individually
and in his official capacity of Sheriff of
Brown County, OH

> **Serve:**
> Sheriff Dwayne Wenninger
> Sheriff's Department
> 750 Mt. Orab Pike
> Georgetown, OH 45121

**RICHARD HANEY,** individually and in his
official capacity as Deputy Sheriff of
Brown County, OH

> **Serve:**
> Deputy Sheriff Richard Haney
> 750 Mt. Orab Pike
> Georgetown, OH 45121

**TOM ACKLEY,** individually and in his
official capacity as Deputy Sheriff and
Deputy Jailer of Brown County, OH

> **Serve:**
> Deputy Sheriff Tom Ackley
> 750 Mt. Orab Pike
> Georgetown, OH 45121

**CHARLES CRAWFORD,** individually and in
his official capacity as Deputy Sheriff and
Deputy Jailer of Brown County, OH

> **Serve:**
> Deputy Sheriff Charles Crawford
> 750 Mt. Orab Pike
> Georgetown, OH 45121

**AND**

**JOHN DOES, ONE, TWO, THREE AND FOUR,**
individually and in their official capacities
as Deputy Sheriff and/or Deputy Jailer of Brown
County, OH                                                    DEFENDANTS

** *** ** *** **

### Introductory Statement

1.      James Worthington, Garrett Gardner, and Heather Phillips, Plaintiffs, file

this action in their individual capacity and on behalf of all persons incarcerated in the

2

past and future at the Brown County Adult Detention Center ("Brown County Jail") in

Brown County, Ohio. Plaintiffs seek damages for Defendants' intentional and willful

violation of Plaintiffs' constitutional rights by subjecting them to physical abuse,

physical and mental intimidation, psychological and mental distress, the denial of

medical care, the denial of basic human needs, and other abuses. Plaintiffs further bring

their action against Brown County and the officers responsible for supervising and

maintaining the Brown County Jail and against several supervisory officers, including

Sheriff Dwayne Wenninger as a supervisory individual responsible for the conduct of

the Brown County Sheriff's Department officers, and against Brown County that

employs the correctional officers and the supervisory defendants and for their failure to

screen prospective employees; for their failure to train properly, control and supervise

their employees; or to adopt and enforce adequate policies and procedures to prevent

such abuses; and for knowing of, tolerating, allowing, and/or encouraging customs that

led to the abuse of these Plaintiffs and inmates incarcerated at the Brown County Jail.

2.      These Defendants perpetrated these acts under color of law, depriving

Plaintiffs of their civil rights guaranteed to them under the U.S. Constitution and the

laws of the United States.

3

## JURISDICTION AND VENUE

3.      This action arises under the Constitution of the United States and federal law, including 42 U.S.C. § 1983 and the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

4.      This Court properly has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983. Plaintiffs further invoke the supplemental jurisdiction of this Court to consider claims arising under state law pursuant to 28 U.S.C. § 1337.

5.      At all relevant times, Defendants were acting under color of law, under the statutes, laws, ordinances, regulations, customs, policies, practices and usages of the State of Ohio and Brown County.

6.      Venue is proper in this court as the events giving rise to this action occurred in this district.

## CLASS ACTION

7.      Plaintiffs bring this action as a class action pursuant to Rules 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure. The class consists of all persons incarcerated at the Brown County Jail who were subjected to physical abuse, inadequate living conditions and basic necessities, and the denial of their basic civil rights. Given the circumstances and pervasiveness of constitutional violations at the Brown County Jail, as set forth below in more detail, Plaintiffs believe that the class probably numbers in the hundreds. Individual joinder of all members of the subject class is therefore impracticable.

8.     Plaintiffs will fairly and adequately protect the interest of all class members. They are members of the class, and their claims are typical of the claims of class members. Thus, common issues of fact and law predominate between Plaintiffs' claims and those of the other class members. Moreover, Plaintiffs are outraged at the treatment accorded to them and the class members, and they will aggressively pursue the interests of the entire class. Plaintiffs' interest in obtaining injunctive relief and actual and punitive damages for the violations of their constitutional rights and privileges are consistent with those of any other person within the class.

9.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because:

(a)     A multiplicity of suits with the consequent burden on the courts and Defendants should be avoided;

(b)     Intervention by all class members as parties-Plaintiff in this action would be virtually impossible; and

(c)     Upon adjudication of Defendants' liability, claims of the class members can be determined by this Court.

## PARTIES

10.     Plaintiffs are citizens of the United States of America and residents of the state of Ohio. At all relevant times, and within the applicable statute of limitations, Plaintiffs were incarcerated and confined within the Brown County Jail located in Georgetown, Ohio.

11.     Defendant Brown County is a county within the state of Ohio and, at all times relevant, maintain the Brown County Sheriff's Department and the Brown

5

County Jail. Defendant Brown County further was the employer and principal of Defendants Sheriff Dwayne Wenninger, Deputy Sheriffs Richard Haney, Tom Ackley, Charles Crawford, and John Does, One, Two, Three, and Four. Plaintiffs sue the Brown County Sheriff's Department and the Brown County Jail in their official capacity.

12.     Defendant, Sheriff Dwayne Wenninger, was at all time material hereto, the Sheriff of Brown County. As such, Defendant Wenninger's employment duties and responsibilities place him in charge and control of the Brown County Jail and its facilities. He also was in charge of all Brown County Sheriff's Department employees, including the corrections personnel assigned to the Brown County Jail, and was responsible for the development and implementation of all procedures and policies related to their employment. Defendant Wenninger was responsible for employee training, supervision, hiring and conduct. He was responsible for the enforcement of the regulations of the Brown County Sheriff's Department and the Brown County Jail. He was responsible for verifying that the employees were adhering to the official policies, procedures and the regulations of the Brown County Sheriff's Department and the Brown County Jail. Further, Defendant Wenninger was responsible for knowing the manner in which the Brown County Sheriff's Department and the Brown County Jail were being operated and the manner in which those incarcerated at the Brown County Jail were being treated. Defendant Wenninger was responsible for insuring that the personnel at the Brown County Jail were obeying the laws of the United States and of the State of Ohio. Plaintiffs sue Defendant Wenninger in both his individual and official capacities.

6

13.     Defendant, Deputy Sheriff Richard Haney, was at all times material hereto, a duly authorized employee acting in his official capacity as a deputy sheriff, correctional officer, and/or employee of the Brown County Sheriff's Department. Plaintiffs sue this Defendant in both his individual and official capacities.

14.     Defendant, Deputy Sheriff Tom Ackley, was at all times material hereto, a duly authorized employee acting in his official capacity as a deputy sheriff, correctional officer, and/or employee of the Brown County Sheriff's Department.  Plaintiffs sue this Defendant in both his individual and official capacities.

15.     Defendant, Deputy Sheriff Charles Crawford, was at all times material hereto, a duly authorized employee acting in his official capacity as a deputy sheriff, correctional officer, and/or employee of the Brown County Sheriff's Department. Plaintiffs sue this Defendant in both his individual and official capacities.

16.     Defendant, Deputy Sheriff John Doe One, was at all times material hereto, a duly authorized employee acting in his official capacity as a deputy sheriff, correctional officer, and/or employee of the Brown County Sheriff's Department. Plaintiffs sue this Defendant in both his individual and official capacities.

17.     Defendant, Deputy Sheriff John Doe Two, was at all times material hereto, a duly authorized employee acting in his official capacity as a deputy sheriff, correctional officer, and/or employee of the Brown County Sheriff's Department. Plaintiffs sue this Defendant in both his individual and official capacities.

18.     Defendant, Deputy Sheriffs John Doe Three, was at all times material hereto, a duly authorized employee acting in his official capacity as a deputy sheriff,

correctional officer, and/or employee of the Brown County Sheriff's Department. Plaintiffs sue this Defendant in both his individual and official capacities.

19.    Defendant, Deputy Sheriff John Doe Four, was at all times material hereto, a duly authorized employee acting in his official capacity as a deputy sheriff, correctional officer, and/or employee of the Brown County Sheriff's Department. Plaintiffs sue this Defendant in both his individual and official capacities.

20.    Defendants, individually and together, violated the Plaintiffs' constitutional, civil and state law rights.  Plaintiffs sue Defendants in both their individual and official capacities.

21.    At all times relevant and in their actions as described in this Complaint, Defendants, individually and together, acted under color of their authority and under the law, statutes, ordinances, regulations, customs, policies, practices, and usages of the State of Ohio, Brown County, and the Sheriff's Department of Brown County.

## FACTS

### James Worthington

22.    Plaintiffs incorporate by reference all of the averments set forth above as if fully set forth herein.

23.    From April 2003 to March 2004, Plaintiff James Worthington was incarcerated at the Brown County Jail while awaiting trial on a charge of felony rape of an adult female.

24.    On March 29, 2004, Worthington was acquitted on all charges by a Brown County jury and released.

8

25.    During his incarceration, Worthington was subjected to numerous instances of physical abuse and corporal punishment by Defendant Brown County Deputy Sheriffs and corrections officers.

26.    On or about October 20, 2003, while incarcerated at the Brown County Jail, Worthington was assaulted and beaten by a Brown County Deputy Sheriff, Defendant Richard Haney.

27.    Defendant Haney's apparent motive for beating Worthington was retribution for a verbal incident between Worthington and Defendant Haney's wife, who was a deputy sheriff and/or correctional officer assigned to the Brown County Jail, a few days prior to the October 20, 2003 incident.

28.    Defendant Haney's actions were intentional, premeditated and knowing violations of Worthington's constitutional and civil rights.

29.    Defendant Haney was not assigned to the Brown County Jail at the time he physically abused and beat Worthington.

30.    As Defendant Haney was not assigned to the Brown County Jail at the time of this incident, an unknown Brown County Deputy Sheriff and corrections officer allowed Defendant Haney entry and access to the housing area for inmates and Worthington in particular.

31.    In addition to this incident, Defendant Crawford hit and physically abused Worthington on a number of occasions throughout his incarceration, including an incident when Defendant Crawford, in the presence of three or four other corrections

9

officers, pinned Worthington's arm behind his back and proceeded to physically abuse him.

32.     Defendants further intentionally and willfully exposed Worthington to physical abuse by the other inmates at the Brown County Jail.

33.     Defendants intentionally and willfully initiated a false rumor among the inmate population that Worthington was being held on felony charges of raping an infant, thereby instilling and fostering hatred in the inmate population toward Worthington and making him a target for violence.

34.     Upon information and belief, Defendant Crawford was the initial fabricator of the false rumor.

35.     As a result of the Defendants' actions, Worthington was physically abused or beaten an estimated sixteen times during his incarceration at the Brown County Jail.

36.     Upon information and belief, Defendants encouraged certain known violent inmates to beat Worthington.

37.     Upon information and belief, Defendants utilize certain inmates as their enforcers in exchange for additional privileges and food.

38.     In addition to encouraging certain violent inmates to inflict physical abuse on Worthington, Defendants purposely left Worthington's cell door open, at times when it should be closed, in order to allow other inmates access to Worthington in order to beat him.

39.     In addition to suffering ongoing physical abuse, Worthington was denied the basic necessities for living and required for the maintenance of basic physical and mental health.

40.     During his approximately eleven months of incarceration at the Brown County Jail, Defendants continuously deprived Worthington, and other similarly situated, any outdoor recreation time. During Worthington's incarceration, the only time he was outside was during transportation to and from the local hospitals or court.

41.     Further, Defendants did not provide food of sufficient quantity or quality to meet the basic nutritional needs of Worthington, nor for the majority of the county inmates. Worthington experienced substantial weight loss during his eleven months of incarceration.

42.     Additionally, Defendants' provision of housing to Worthington and the other inmates fails to meet minimum constitutional standards. While incarcerated at the Brown County Jail, Worthington was forced to sleep atop a concrete block and was provided with only a single blanket. During wintertime, Worthington remained unbearably cold as the jail facilities are not adequately insulated and do not adequately block outside air. Thus, the bedding and blankets provided to Worthington and others similarly situated at the Brown County Jail are so inadequate as to violate Plaintiffs' constitutional rights to basic housing.

43.     Defendants further denied Worthington, and others similarly situated, other basic necessities of life, including adequate medical care. During Worthington's incarceration, he developed significant dental problems with two teeth. Defendants

11

continuously denied Worthington access to a dentist, even though he advised them he was in excruciating pain and begged them for assistance. Defendants denied Worthington even basic relief from pain by refusing to give him Aspirin.

44.     Defendants further denied Worthington the privilege of a regular shower. He often went several days without having the opportunity to shower.

45.     Defendants denied Worthington regular access to a change of clean clothing. Frequently, he went up to two weeks in the same clothing.

46.     Defendants further denied Worthington visitation privileges with his family. On multiple occasions, Worthington's mother would telephone the Brown County Jail a day prior to her planned visit, in accordance with Defendants' regulations, and would travel to the Brown County Jail the following day for visitation with her son. Yet, when Worthington's mother would arrive at the Brown County Jail, Defendants would refuse to permit her visitation with her son. Defendants frequently denied Worthington visitation with his mother for no apparent reason other than to cause him mental and emotional suffering.

47.     The Brown County Jail further lacks adequate sanitation and plumbing. On at least one occasion during Worthington's incarceration, the facility's sewer backed up and flooded the prisoners' cells and common areas. The sewage remained for two or three days before Defendants were able to have the problem corrected, during which time inmates were forced to wade through raw sewage.

48.     During Worthington's incarceration, Defendants denied him basic grooming rights. Defendants refused to provide Worthington with access to a barber.

12

Further, they denied him any shaving razors. Although normally wearing his hair short and staying clean shaven, Worthington's beard grew long and his hair grew down to his shoulders.

49.     Defendants further hindered the ability of Worthington, and others similarly situated, to confer with counsel. Defendants initially maintained a private consultation room for the inmates to confer with their counsel in preparation for trial. During Worthington's incarceration, Defendants terminated the use of this room by inmates and their counsel. As a result, Defendants have violated the inmates' rights to effective assistance of counsel and a fair trial as guaranteed to them by the Sixth Amendment to the United States Constitution.

50.     As a direct and proximate result of Defendants' unlawful conduct and actions, Worthington suffered personal injury and pain, mental and emotional distress, permanent injury, humiliation and embarrassment. During Worthington's months of incarceration, he remained under constant fear of physical abuse and mistreatment by the Defendants and by the other inmates.

### Garrett Gardner

51.     Garrett Gardner was incarcerated at the Brown County Jail from October 9, 2003 to January 5, 2004.

52.     During his incarceration, Gardner was subjected to physical abuse as a result of Defendants' unlawful use of physical violence and corporal punishment as a means of disciplining inmates.

13

53.     In a manner similar to Worthington, Gardner was beaten by a fellow prisoner. At the time of this incident, Gardner was housed in a two-man cell. Defendants allowed a third inmate, Eric Gay, who was known for his violent disposition, access to Gardner's cell.

54.     Defendants intentionally and purposely directed inmate Gay to beat Gardner's cell mate, as a means of discipline. After entering the cell, Gay proceeded to beat Gardner by mistake.

55.     Further, during his incarceration at the Brown County Jail, Defendants continuously deprived Gardner, and others similarly situated, any outdoor recreation time. During Gardner's incarceration, the only time he was outside was during transportation to and from court.

56.     Moreover, Defendants did not provide food of sufficient quantity or quality to meet the basic nutritional needs of Gardner, nor for the majority of the county inmates.

57.     Defendants further hindered the ability of Gardner, and others similarly situated, to confer with counsel. Defendants initially maintained a private consultation room for the inmates to confer with their counsel in preparation for trial. During Gardner's incarceration, Defendants terminated the use of this room by inmates and their counsel. As a result, Defendants have violated the inmates' rights to effective assistance of counsel and a fair trial as guaranteed to them by the Sixth Amendment to the United States Constitution

58.     Gardner was also incarcerated during the period when the Brown County Jail was flooded with sewage.  As with all inmates incarcerated at the Brown County Jail at the time, Gardner was forced to wade through the sewage and live in extremely unsanitary conditions.

### Heather Phillips

59.     Plaintiff Heather Phillips was incarcerated at the Brown County Jail from August 18, 2004 to September 17, 2004.

60.     During her incarceration, Phillips experienced the poor living conditions and inhumane treatment at the Brown County Jail.

61.     Similar to Worthington, Gardner, and others similarly situated, Phillips enjoyed no outdoor recreation time, was unable to exercise, did not enjoy a healthy or balanced diet, and had to deal with the inhospitable living conditions existing at the Brown County Jail.

62.     Being female, Phillips also was denied the particular necessities required by her gender.  Defendants refused to provide Phillips with feminine hygiene products during her menstrual cycle.

63.     Further, Defendants did not provide food of sufficient quantity or quality to meet the basic nutritional needs of Phillips, nor for the majority of the county inmates.

64.     During her incarceration at the Brown County Jail, Defendants continuously deprived Phillips, and others similarly situated, any outdoor recreation

15

time. During Phillips' incarceration, the only time she was outside was during transportation to and from court.

65. Moreover, Phillips was unable to confer privately with her counsel due to the Defendants' refusal to maintain a separate attorney-client conference room. Defendants initially maintained a private consultation room for the inmates to confer with their counsel in preparation for trial. By the time of Phillips' incarceration, Defendants had terminated the use of this room by inmates and their counsel. As a result, Defendants have violated the inmates' rights to effective assistance of counsel and a fair trial as guaranteed to them by the Sixth Amendment to the United States Constitution.

## COUNT I

66. Plaintiffs incorporate by reference the averments set forth in paragraphs 1 through 65 as if fully set forth herein.

67. Under the facts and circumstances described above, the pain and suffering, humiliation, and cruel and inhuman punishment and torture endured by James Worthington, Garrett Gardner, and Heather Phillips were unconscionable. Defendants' treatment of Worthington, Gardner, and Phillips was without justification and served no independent purpose. The Defendants' conduct was intentional, deliberate, purposeful, wanton and malicious, and was indicative of their complete, deliberate and reckless disregard and indifference for Plaintiffs' lives, health and basic human dignity and for their rights guaranteed by the U.S. Constitution and the State of Ohio. Plaintiffs believe, and after reasonably discovery, will show that this treatment

16

by Defendants was not unusual but was a part of a continuing pattern of Defendants. Such conduct is the result of customs, policies and practices of Brown County, the Brown County Sheriff's Department, and the Brown County Jail, written or unwritten, which are systematically applied to all persons who are incarcerated at the Jail. Such practices constitute an arbitrary use of government power, and evidences a total, intentional, deliberate and unreasonable disregard for, and indifference to, the lives and constitutional and common law rights of inmates at the Brown County Jail, including James Worthington, Garrett Gardner, and Heather Phillips, and the wholesale violations of those rights likely to result from the systematic pursuit of such practices.

68.     As a result of the foregoing, Plaintiffs, through Defendants' intentional and purposeful acts, deliberate indifference, and inhumane conduct, were deprived of due process of law of their right not to be subjected to cruel and unusual punishment under the Eighth, Tenth and Fourteenth Amendments of the United States Constitution in violation of the Civil Rights Act of 1872, codified at 42 U.S.C. § 1983.

## COUNT II

69.     Plaintiffs incorporate by reference the averments set forth in paragraphs 1 through 68 as if fully set forth herein.

70.     The foregoing acts constitute multiple counts of assault committed upon Plaintiffs Worthington and Gardner for which all Defendants are liable.

71.     As a direct and proximate result of these multiple assaults, Plaintiffs Worthington and Gardner, and others similarly situated, suffered injuries and damages,

17

including but not limited to physical pain and suffering, mental and emotional distress, and humiliation.

## COUNT III

72.     Plaintiffs incorporate by reference the averments set forth in paragraphs 1 through 71 as if fully set forth herein.

73.     The foregoing constitutes multiple counts of battery committed upon Plaintiffs Worthington and Gardner for which all Defendants are liable.

74.     As a direct and proximate result of these multiple counts of battery, Plaintiffs Worthington and Gardner, and others similarly situated, have suffered injuries and damages, including but not limited to physical pain and suffering, mental and emotional distress, and humiliation.

## COUNT IV

75.     Plaintiffs incorporate by reference the averments set forth in paragraphs 1 through 74 as if fully set forth herein.

76.     By virtue of the foregoing, Defendants, without justification, intentionally afflicted upon Plaintiffs and others similarly situated severe mental and emotional distress.

## COUNT V

77.     Plaintiffs incorporate by reference the averments set forth in paragraphs 1 through 76 as if fully set forth herein.

78.     By virtue of the foregoing, Defendants are liable for negligent infliction of emotional distress upon Plaintiffs and others similarly situated.

## COUNT VI

79.     Plaintiffs incorporate by reference the averments set forth in paragraphs 1 through 78 as if fully set forth herein.

80.     Defendants, while acting under color of law, violated the rights guaranteed to Plaintiffs and others similarly situated pursuant to the Constitution of the United States, 42 U.S.C. § 1983, and Ohio law.  Defendants' violations include, but are not limited to, the following:

(a)     Assault and battery;

(b)     Inadequate nutrition;

(c)     Inadequate sanitation;

(d)     Inadequate access to water;

(e)     Inadequate outdoor recreation time;

(f)     Inadequate provision of basic necessities, including clothing, absence of barbers or grooming opportunities, and inadequate personal hygiene time;

(g)     Inadequate supervision by corrections officers, including infrequent rounds;

(h)     Inadequate sanitation;

(i)     Inadequate heat;

(j)     Denial of family visitation privileges without administrative justification;

(j)     Inadequate medical attention;

(k)     Failure to provide personal hygiene products to female inmates;

(l)     Interference with the effective assistance of counsel;

(m)   Conspiracy; and

(n)   Failure to supervise properly, train, monitor, observe, control and hire/retain employees with the Brown County Sheriff's Department.

81.   As a direct and proximate result of Defendants' concerted, unlawful and malicious abuse of their authority, while acting under color of law, and their malicious abuse of control and authority over Plaintiffs and others similarly situated, Defendants intentionally and with deliberate indifference and callous disregard for the rights of Plaintiffs and others similarly situated, recklessly and/or maliciously deprived Plaintiffs and others similarly situated of their rights secured to them under the Fourth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America.

## COUNT VII

82.   Plaintiffs incorporate by reference the averments set forth in paragraphs 1 through 81 as if fully set forth herein.

83.   Defendants' acts and/or omissions as set forth herein constitute dereliction of their duty as defined by Ohio R. C. § 2921.44.

84.   As a direct and proximate result of Defendants' dereliction of duty, Plaintiffs suffered the violation of their constitutional rights and injury, including physical pain and suffering, mental anguish, and a loss of personal dignity.

## COUNT VIII

85.     Plaintiffs incorporate by reference the averments set forth in paragraphs 1 through 84 as if fully set forth herein.

86.     Defendant Brown County Sheriff Dwayne Wenninger was responsible for the training, instruction, supervision, discipline, and control of Defendants Haney, Ackley, Crawford, and John Does One through Four.  At all times material hereto, Defendant Wenninger was acting in his official and individual capacities.

87.     Acting under color of state law, Defendant Wenninger, through his office's official policy, custom, practice or usage intentionally, recklessly, knowingly and/or with deliberate indifference to the rights of Plaintiffs, failed to instruct, supervise, control and/or discipline Defendants Haney, Ackley, Crawford, and John Does One through Four in their performance of their duties, as fully set forth above.

88.     As a direct and proximate result of Defendant Wenninger's failure to supervise, discipline, and control Defendants Haney, Ackley, Crawford, and John Does One through Four, Plaintiffs suffered the violation of their constitutional rights and injury, including physical pain and suffering, mental anguish, and a loss of personal dignity.

## Damages

89.     Plaintiffs incorporate by reference the averments set forth in paragraphs 1 through 88 as if fully set forth herein.

90.     As a result of Defendants' acts and omissions, Plaintiffs are entitled to recover actual and compensatory damages.  Further, Defendants' violations of the

constitutional and common law rights of Plaintiffs of the class were cruel, malicious, and evinced a total and reckless disregard for and indifference to those rights, entitling Plaintiffs in the class to recover punitive damages from Defendants in order to deter such conduct in the future.

### Declaratory Judgment and Permanent Injunction

91.     Plaintiffs incorporate by reference the averments set forth in paragraphs 1 through 90 as if fully set forth herein.

92.     In addition to the foregoing, Plaintiffs, on behalf of themselves and others similarly situated, request this Court issue a declaratory judgment deeming unconstitutional any and all statutes, ordinances, regulations, policies, procedures, customs or practices under which they suffered physical abuse and beatings, were subjected to inhumane treatment, or otherwise were subjected to violation of their constitutional rights, as set forth above.

93.     Plaintiffs further request that this Court permanently enjoin Defendants from following or enforcing such statutes, ordinances, regulations, policies, procedures, customs, or usages.

94.     Plaintiffs further request that this Court mandate Defendants to correct the poor and inhumane living conditions at the Brown County Jail; to correct the inadequate water supply and poor sanitation; to provide nutritional and balanced meals to the inmates; to provide outdoor recreation time on a regular basis; to provide regular and safe personal hygiene and grooming facilities; and to reinstitute a secure and private attorney consultation room.

**WHEREFORE**, Plaintiffs, on behalf of themselves and others similarly situated, request the following relief:

(a)     This action proceed as a class action pursuant Fed. R. Civ. P. 23;

(b)     A trial by jury;

(c)     An award of actual and compensatory damages in the sum of three million dollars ($3,000,000.00) or such sum as deemed just and proper by the a jury;

(d)     Punitive damages;

(e)     The declaratory and injunctive relief requested herein;

(f)     Their attorneys' fees, expenses and costs; and

(g)     All other relief, both legal and equitable, to which they may be entitled.

Respectfully submitted,

Anthony Sammons
Woodward, Hobson & Fulton, L.L.P.
P.O. Box 1720
Lexington, Kentucky 40507
T: (859) 244-7100
F: (859) 244-7111

C. Nicholas Ring
Stanley K. Purdy
Purdy & Ring
318 W. State Street
Georgetown, Ohio 45121
T: (937) 378-4119
F: (937) 378-3077

COUNSEL FOR PLAINTIFFS

23